IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL ALAN CROOKER,                    :

        Plaintiff                           :

                                   :

        vs.                                 CIVIL NO. 1:CV-10-0101

                                   :

DELTA MANAGEMENT ASSOCIATES,             :
INC., CARTER BUSINESS SYSTEMS,
NATIONAL CREDIT SYSTEMS,                 :
NH NORTHEAST CREDIT SERVICES,
MUNICIPAL COLLECTION AGENCY, and :
UNITED REAUDIT ADJUSTMENT,
        Defendants                          :


*M E M O R A N D U M*

I.    *Introduction*

        Plaintiff Michael Alan Crooker filed this pro se action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(d), alleging, among other things, that defendants' debt collectors engaged in a pattern of abuse and harassment. Presently before the Court is Defendant Delta Management Associates, Inc. ("Delta") motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). For the reasons that follow, we will grant the motion.


II.    *Background*

        On December 18, 2009, Plaintiff began these proceedings by initially filing his complaint *in forma pauperis* in the in the Court of Common Pleas for Dauphin County, Pennsylvania. Delta timely removed the case to this Court, and filed its answer which contained a counterclaim seeking injunctive relief and attorney's fees. On January 29, 2010, nine days after Delta served its answer, Crooker filed a notice of

voluntary dismissal pursuant to Fed.R.Civ.P. 41(a).   We issued an Order dismissing all defendants except Delta.  (*See* doc. 6).  Delta then filed the instant motion for judgment on the pleadings.

In its motion, Delta argues that plaintiff's complaint should be dismissed and an injunction should issue prohibiting Crooker from filing suit in this district because of his history of filing frivolous lawsuits that serve no legitimate purpose other than to harass.

Crooker is no stranger to federal courts.  We found more than one hundred civil actions involving the plaintiff in district courts across the country, including courts in Massachusetts, California, the District of Columbia, and Pennsylvania.  Judge Edward F. Harrington of the United States District Court for the District of Massachusetts documented twenty-six filings in Massachusetts federal and state courts alone in the span of one year.  *See Crooker v. Merchants CR Guide* Co., No. 08-10382-EFH, 2008 U.S. Dist. LEXIS 56852 (D.Ma. March 24, 2008)(gathering Crooker's Massachusetts state and federal filings).  Judge Kim R. Gibson of the Western District of Pennsylvania noted that, as of November 20, 2009, Plaintiff had filed nine cases that were removed to his court in the span of one year.  *See Crooker v. United States of America*, No. 2009-cv-206 (W.D.Pa. Nov. 20, 2009).

A search of the Middle District docket uncovered four additional cases that have been voluntary dismissed by Crooker within the last thirty days.  *See Crooker v. Cleversy & Massa, P.C.*, No. 10-cv-387 (voluntarily dismissed on Mar. 3, 2010); *Crooker v. Northeast Creditors*, No. 10-cv-381 (voluntarily dismissed on Feb. 25, 2010); *Crooker v. Popular Mortgage Serv., Inc.*, No. 10-cv-356 (voluntarily dismissed on Fed. 25, 2010); *Crooker v. Adams, Stevens & Bradley*, No. 10-cv-499

(voluntarily dismissed on Mar. 11, 2010).[1]  In each case, Crooker has filed the exact same complaint, alleging violations of the FDCPA, simply substituting the names of the various defendants.[2]  The procedural history is the same in each of these cases.  He begins by filing a claim under the FDCPA in state court.  The defendant then removes the case to federal court.  After removal, however, Crooker moves to voluntarily dismiss the action pursuant to Fed.R.Civ.P. 41(a)(1).

Crooker's litigation strategy is disturbing and has been admonished by numerous courts.  He has previously been ruled a "three-strikes" plaintiff under 28 U.S.C. § 1915(g), and thus is unable to proceed *in forma pauperis* in federal courts.  *See Crooker v. Merchants CR Guide* Co., No. 08-10382-EFH, 2008 U.S. Dist. LEXIS 56852 (D.Ma. March 24, 2008).  In his decision, Judge Harrington describes Crooker's litigation practice :

> "Crooker's litigation history...leaves little room for doubt that he has developed a repeated litigation practice in order to circumvent the three-strikes rule of § 1915(g).  Specifically, Crooker files his civil actions in...state courts, knowing those actions will be removed by the defendant(s) to [the district court].  This is true particularly where he is asserting federal claims.  This scheme accomplishes several purposes for Crooker.  First, because Crooker appears to be indigent (based on past litigation) he would be unable to pay the $350.00 filing fee up-front, and therefore could not proceed with a civil action in federal court.  By filing in state court instead (knowing the action would likely be removed by the defendant), he manages to circumvent the filing fee requirements of [the district court] and, essentially, to eviscerate the affect of the three-strikes rule on him, since the removal fee is paid by the defendant(s).  Second, by not proceeding *in forma pauperis*, he avoids a preliminary screening on the merits, pursuant to 28 U.S.C. § 1915(e)."

*Id.* at *10-11 (material in brackets added).

---

[1]  Crooker also has one case pending in the Eastern District of Pennsylvania.  *See Crooker v. Wachovia Bank, N.A.*, No. 2009-cv-02076.

[2]  The complaint filed in this case is nearly identical to those filed in other courts.

It is clear that Crooker's pattern of filing complaints represents a calculated and precise method to avoid paying filing fees so he may continue his litigious behavior. As Judge Gibson noted, this strategy allows him to "file claims in state court with frugal impunity, knowing that it will be removed to federal court, and the defendant will foot the bill. Furthermore, by not filing *in forma pauperis* in federal court, he evades the preliminary screening mechanism under 28 U.S.C. § 1915(e)." *See Crooker v. United States of America*, No. 2009-cv-206 (W.D.Pa. Nov. 20, 2009).

Under Pennsylvania law, there is no "three-strikes" provision. *See* 231 Pa. Code Rule 240. Crooker is permitted to file repeated *in forma pauperis* petitions in Pennsylvania state court and is able to re-file his complaints in Pennsylvania courts after he has voluntarily dismissed them in federal court. It appears that plaintiff's act of voluntarily withdrawing his complaints is a calculated attempt to harass or coerce a settlement. We conclude plaintiff's tactics are an abuse of the judicial system.

III.    *Discussion*

A.    *Standard of Review*

Under Fed.R.Civ.P. 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." A motion for judgment on the pleadings will not be granted unless the movant clearly establishes that no material issues of fact remain unresolved, and that the movant is entitled to judgment as a matter of law. *Nationwide Mut. Ins. Co. v. Brown*, 226 F.App'x 153, 154-55 (3d Cir. 2007)(citing *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). Public records may also be considered without converting the motion for judgment on the pleadings to a motion for summary judgment. *Sutton v. Royal Chevrolet-Oldsmobile-Pontiac-Buick, Inc.*, No. 03-cv-1825, 2004 WL 90071, at *3 n3

4

(E.D. Pa. Jan. 15, 2004); *see also Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993).[3] The standard applied to a Fed.R.Civ.P. 12(c) motion for judgment on the pleadings is similar to that applied to a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *Haynes v. Metropolitan Life Ins. Co.*, 94 F.App'x 956, 958 (3d Cir. 2004).

Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

---

[3] Since published and unpublished memorandums of trial courts, and pleadings filed with a state or federal court are accessible to the public, the complaints filed by Crooker in this and other districts as well as the memorandums of such state and federal courts shall be considered public records that are properly before the Court. *See Sutton*, 2004 WL 90071 at *3 n.3

*B.    FDCPA*

The FDCPA exists to provide protection for consumers from abusive and harassing collection practices.  15 U.S.C. § 1692.  "The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulate legal process." *F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007(quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997). The FDCPA prohibits, among other things, debt collectors from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person."  15 U.S.C. § 1692d.  Section 1692k(d) of the Act provides that an enforcement action must be brought within "one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).

Delta argues that it has never engaged in any type of debt collection against Crooker, and, furthermore, that the Plaintiff's allegations fail to indicate any specific dates that such debt collection activity occurred.  We agree that Crooker's complaint fails to plead sufficient facts showing a plausible right to relief under the FDCPA.

Crooker fails to plead sufficient facts indicating that Delta is a holder or collector of his debt.  He alleges that he has twenty-three credit cards, two personal loans, one boat loan, an automobile loan and one LASIK loan.  However, these averments do not name the original loan holders, the amount of the alleged debt or when the collection process began on these debts.  Plaintiff also does not indicate when, if at all, that Delta became a collector of Plaintiff's debt.  In addition, the allegations also fail to indicate when any abusive and harassing activities occurred.

Thus, we conclude that the factual averments are conclusory in nature and that the legal claims are unsupported by Crooker's factual allegations. Furthermore, the gravamen of Crooker's complaint centers around his arrest and conviction for felon in possession of a firearm, matters which are outside the scope of an FDCPA action. Given the lack of factual background and the plaintiff's documented history of frivolous litigation, we will grant the Defendant's motion for judgment on the pleadings without leave to Plaintiff to file an amended complaint because to do so would be futile and would prejudice the Defendant. *See Alston v. Parker,* 363 F.3d 229, 236 (3d Cir. 2004).

C. *Injunctive Relief Under the All Writs Act*

Delta seeks injunctive relief to enjoin the Plaintiff from instituting any other lawsuit, either directly in the Middle District of Pennsylvania, or indirectly, by the removal of a civil action from a Pennsylvania state court. We agree.

The All Writs Act, 28 U.S.C. § 1651(a) provides, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Act enables a district court to issue injunctions to preclude abusive, groundless and vexatious litigation. *In re Oliver*, 682 F.2d 443, 445 (3d. Cir. 1982). However, this power is limited by two fundamental tenets of our legal system - the litigant's rights to due process and access to the courts. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). In issuing such an injunction, we must comply with three requirements. *See Id.* First, we may not restrict a litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions. *Id.* (citing *Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d. Cir. 1989)). Second, if we find that the circumstances warrant the

imposition of an injunction, we must give notice to the litigant to show cause why the proposed injunctive relief should not issue. *Id.* (citing *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987)). Finally, the scope of the injunction must be narrowly tailored to fit the particular circumstances of the case. *Id.* (citing *Chipps v. United States Dist. Ct. For the Middle Dist. Of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

Applying these requirements, we find that exigent circumstances exist to warrant issuance of an injunction. Like other courts, we believe that Crooker's prior history of filing vexatious litigation is a burden on the courts and warrants remedial action. Despite the injunctions placed on Crooker in other jurisdictions, he continues and shows no signs of ceasing his troubling litigation practices. We recognize that as a pro se litigant the courts have afforded leeway to the Plaintiff. However, his pro se status cannot shield him from the consequences of what amounts to purposeful bad faith litigation.

Our order will be narrowly tailored to limit Crooker's ability to file frivolous suits in this district. Like our other courts, this order will specifically address not only entering our court as a plaintiff, but also Crooker's ability to maneuver around the three-strikes rule by filing in state court.

Plaintiff, however, should have access to challenge his conditions of incarceration, both through habeas corpus relief and civil rights actions. Thus, those actions will be exempt from our order. For all other claims, however, prior to filing a complaint, plaintiff must request leave from the court to file the complaints.

We will afford the plaintiff twenty-one (21) days from the date of this order to file objections as to why this injunction should not issue.

*D.    Attorneys Fees Under the FDCPA*

Section 1692k(a)(3) of the FDCPA provides, in pertinent part, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. 1692k(a)(3).  This provision should be construed narrowly as not to discourage private litigation under the FDCPA.  *Kondratick v. Benefit Consumer Disc. Co.*, 2006 U.S. Dist. LEXIS 4754 at *10 n.4 (E.D.Pa. Feb. 8, 2006)(citing *Ayres v. Nat'l Credit Mgmt. Corp.*, 1991 U.S. Dist. LEXIS 18759 at *1 (E.D.Pa. Dec. 17, 1991).  For an award to be given under this section, "there must be evidence that the plaintiff knew his claim was meritless and that plaintiff pursued his claims with a purpose of harassing the defendant." *Allers-Petrus v. Columbia Recovery Group, LLC*, 2009 U.S. Dist. LEXIS 41151 at *1 (W.D. Wash. Apr. 29, 2009)(quoting *Gorman v. Wolpoff & Abramson*, LLP, 435 F.Supp. 2d 1004, 1013 (N.D. Cal. 2006)).

Plaintiff's prior history of filing vexatious litigation is a burden on the judicial system and, as mentioned previously, is well documented by other courts. However, before an award of attorneys fees can be made under section 1692k(a)(3), Delta must show that there is evidence demonstrating that plaintiff knew this claim was meritless and that he pursued the claim with a purpose of harassment.  *See Allers-Petrus v. Columbia Recovery Group, LLC*, 2009 U.S. Dist. LEXIS 41151 at *1 (W.D. Wash. Apr. 29, 2009)(quoting *Gorman v. Wolpoff & Abramson, LLP*, 435 F.Supp. 2d 1004, 1013 (N.D. Cal. 2006)).

Due to Plaintiff's prior litigation history that is well documented in the public record as well as the matter currently before us, we are compelled to conclude that Crooker brought this litigation in bad faith and for the sole purpose of harassment.

However, Delta's submissions to the Court on the amount of fees are insufficient. *See Holliday v. Cabrera & Assoc., P.C.,* No. 05-cv-0971*,* 2007 WL 30291, at 3 (E.D. Pa. Jan. 4, 2007)(Reasonable fee constitutes "the prevailing market rates in the relevant community." The amount in fees are proved through the use of billing summaries, affidavits describing attorney qualifications and supporting affidavit of one familiar with markets rates charged for such work.). Therefore, we will issue a briefing schedule on the sole issue of attorney's fees under section 1692k(a)(3).

IV.     *Conclusion*

           For the foregoing reasons, Delta's motion for judgment on the pleadings will be granted. Plaintiff's complaint will be dismissed with prejudice.

           We will issue an appropriate order.


                                                    /s/William W. Caldwell
                                                    William W. Caldwell
                                                    United States District Judge

Date: April 1, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL ALAN CROOKER,                    :

        Plaintiff                         :

                               :

        vs.                                          CIVIL NO. 1:CV-10-0101

                               :

DELTA MANAGEMENT ASSOCIATES,             :
INC., CARTER BUSINESS SYSTEMS,
NATIONAL CREDIT SYSTEMS,                 :
NH NORTHEAST CREDIT SERVICES,
MUNICIPAL COLLECTION AGENCY, and :
UNITED REAUDIT ADJUSTMENT,
        Defendants                        :

*O R D E R*

        AND NOW, this 1st day of April, 2010, upon consideration of Defendant's

motions for judgment on the pleadings, filed January 29, 2010 (doc. 7), and pursuant

to the accompanying Memorandum, it is ordered and decreed that:

        1.  Defendant's motion for judgment on the pleadings is
granted.

        2.  The Clerk of Court shall enter judgment in favor of
the Defendant Delta Management Associates, Inc. and
against the Plaintiff Michael Alan Crooker.

        3.  It is further ordered that the Plaintiff, Michael Alan
Crooker, may not file any action other than a federal or
state habeas corpus action or a case in which Mr. Crooker
is "under imminent danger or serious physical injury" in this
Court without first seeking leave of the Magistrate Judge of
the District Court.  The Magistrate Judge shall review the
complaint immediately upon filing to determine whether it
falls within the jurisdiction of this Court, and if so whether it
states a colorable claim and meets the aforementioned
criteria.  The Magistrate Judge shall either approve or
reject the complaint within thirty (30) days of submission.
Attempts to evade this order by filing a complaint in a state
court that is properly removed to this Court by any party, or
failure to follow the aforementioned procedure, or

submitting frivolous or malicious complaints may all be punished by sanctions including contempt of court.

4.  The Plaintiff is granted twenty-one (21) days from the date of this order to file objections to the above  injunction.

5.  The Defendant Delta shall have fourteen (14) days from the date of this order to file a brief in support of its motion for an award of attorney's fees.

6.  Any appeal taken from this order is not in good faith and may not be taken *in forma pauperis.*  28 U.S.C. § 1915(a)(3).


/s/William W. Caldwell
William W. Caldwell
United States District Judge